IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDY M. CRUZ,

    Plaintiff,

v.                                                        CIV 11-919 JCH/KBM

SOUTHERN METHODIST UNIVERSITY,
d/b/a SMU-IN-TAOS, MIKE ADLER, DAWN ROSE,
SHARI STARKEY, and CYNDY GIMBLE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on two motions: (1) Plaintiff Judy Cruz's Motion for Remand and for Attorneys' Fees and Costs Under 28 U.S.C. § 1447(c) [Doc. 7] and (2) Defendant Dawn Rose's Motion to Dismiss Pursuant to Rule 12(b)(5) [Doc. 11]. The Court, having reviewed the parties' submissions and the relevant law, finds that Plaintiff's Motion [Doc. 7] should be denied and Defendant Rose's Motion [Doc. 11] should be granted.

## BACKGROUND

Plaintiff filed the instant case as an Appeal From The Decision and Final Order of the New Mexico Human Rights Commission and Complaint for Damages. *See* Doc. 1-1. Her initial pleading was filed September 15, 2011 in New Mexico's Eighth Judicial District Court, County of Taos. *See id.* Employed at SMU-in-Taos from Spring 1996 through her termination on January 12, 2009, Plaintiff alleges she was demoted and ultimately fired because of her Hispanic national origin and in retaliation for complaining about discrimination in the workplace. *See generally* Doc. 1-1.

Defendants Southern Methodist University d/b/a SMU-in-Taos, Mike Adler, Sheri Starkey, and Cyndy Gimble (collectively, "the SMU Defendants") timely removed the case to

this Court on October 13, 2011.  *See* Doc. 1.  Defendant Dawn Rose did not participate in the removal, but the SMU Defendants note that Ms. Rose, without waiving any argument regarding improper and ineffective service of process, did informally consent to removal.  *See id.* at 3.  Plaintiff seeks to remand this case back to state court on the grounds that Defendant Rose's informal consent was invalid.  *See generally* Doc. 7.  Meanwhile, Defendant Rose argues that Plaintiff's claims against her should be dismissed for lack of proper service.  *See generally* Doc. 11.  The SMU Defendants and Defendant Rose both contend that Plaintiff's effort to serve Ms. Rose via mail at SMU-in-Taos was improper and ineffective because Ms. Rose does not work for SMU, and SMU is not authorized to accept service on her behalf.  *See id.* at 2.

In her Motion to Remand [Doc. 7], Plaintiff argues her attempt to serve Ms. Rose was effective because she properly mailed a copy of the summons and complaint to Ms. Rose at her "last known address."  *See* Doc. 7 at 2.  Remand is therefore appropriate, according to Plaintiff, because the SMU Defendants did not obtain Ms. Rose's consent to removal.  *See id.* at 3.

## LEGAL STANDARD

A.  Removal

> [A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).  *Murphy Bros* is widely recognized as having overruled the argument that unserved defendants, including those who were improperly served or who merely received an informal copy of the complaint, are required to join in a notice of removal.  *See, e.g.,* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.11[1][d].

**B.      Service of Process**

Because Plaintiff's cause of action is an appeal of an unfavorable determination by the New Mexico Human Rights Commission ("NMHRC"), the Court will look to the New Mexico Human Rights Act ("NMHRA") regarding proper service.  *See* Doc. 1-1.

> A person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within ninety days from the date of service of the commission's order.  A copy of the notice of appeal shall be served personally or by certified mail, return receipt requested, at their last known address on all parties who appeared before the commission[.]

NMSA 1978, § 28-1-13(A).  The NMHRA contains no definition for "last known address."  *See* NMSA 1978, § 28-1-2.  No other New Mexico law appears to provide a statutory definition for "last known address."

The New Mexico Court of Appeals has held that a plaintiff failed to meet the "last known address" requirement when he served the defendant with a lien at the address on file with the New Mexico Motor Vehicle Department rather than at the defendant's current address, which was known to the plaintiff.  *See Phoenix, Inc. v. Galio*, 676 P.2d 829, 831 (N.M. Ct. App. 1984).

Federal courts have similarly construed the term "last known address."  "[T]he last known address requirement is satisfied when process is sent to the address at which the parties regularly corresponded by mail, and the party serving process reasonably could expect that process would reach the defendant at that address."  *Virginia Lime Co. v. Craigsville Distrib. Co., Inc.*, 670 F.2d 1366, 1368 (D.W.Va. 1982).  Referencing *Mullane v. Central Hanover Bank & Trust Co.*, the court in *Virginia Lime* found that notice must be "reasonably calculated to reach interested parties."  *Id.* (quoting 339 U.S. 306, 318 (1950)).  Whether notice is adequate

"involves analysis of the particular circumstances of each case." *Id.* (citing *Techem Chem. Co. v. M/T Choyo Maro*, 416 F.Supp. 960,968 (D.Md. 1976)).

Multiple federal courts have recited the following definition:

> "[L]ast known address" does not mean the last address known to the plaintiff, but does mean the last address of the defendant so far as is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address.

*W.S. Frey Co. v. Heath*, 729 A.2d 1037, 1040 (N.J. 1999) (quoting *Powell v. Knight*, 74 F.Supp. 191, 195 (E.D.Va. 1947)). *See also Jones v. Globe Int'l Inc.*, 1995 WL 819177 at \*4 (D.Conn. 1995) (quoting *D'Occhio v. Conn. Real Estate Comm'n*, 455 A.2d 833, 838 (Conn. 1983) and *Hartley v. Vitiello*, 154 A. 255 (Conn. 1931)).

To the extent that Defendant Rose was not a party to the NMHRC proceeding, she must be served in accordance with Rule 1-004 NMRA. *See* Rule 1-076(C) and (E) NMRA 2011. Under Rule 1-004, service shall occur "in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Rule 1-004(E)(1) NMRA. Where service is attempted by mail, "the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant" must sign a receipt. *See* Rule 1-004(E)(3).

## **ANALYSIS**

Although Defendant Rose claims she never received a copy and never formally responded to any of the allegations made therein, the Charge of Discrimination in this case specifically names Defendant Rose. *See* Doc. 11-1 at 1; Doc. 11-2 at 2, ¶ 11. However, the NMHRC's final order in the matter identifies Southern Methodist University as the only respondent in the NMHRC proceeding. *See* Doc. 11-3. Undisputedly, Ms. Rose appeared and

testified at the October 7, 2010 hearing before the NMHRC. *See* Doc. 9-1. Ms. Rose argues that her appearance was not as a party but rather as a witness. *See* Doc. 11 at 2.

The question whether Defendant Rose was a party to the NMHRC proceeding is significant, according to Rose, because, as a new party, she must be served in compliance with Rule 1-004 NMRA, whereas service need only be to her "last known address" if she was a party to the NMHRC proceeding. *See* Doc. 11 at 3. The Court finds that regardless whether Defendant Rose was a party to the NMHRC proceeding, she has not properly been served in this litigation. Ms. Rose's Motion to Dismiss for failure of service [Doc. 11] should therefore be granted. Accordingly, Defendant Rose's consent was not required for removal and Plaintiff's Motion to Remand [Doc. 7] should be denied.

Assuming that the more lenient standard applies, proper service upon a defendant at her "last known address" requires more effort than Plaintiff showed in the present case. It is undisputed that Plaintiff knew—at least as of the October 7, 2010 hearing on this matter before the New Mexico Human Rights Commission—that Defendant Dawn Rose worked at the University of Houston and that her employer was Aramark. *See* Doc. 9-1 at 4. Nonetheless, on or about September 16, 2011, *see* Doc. 1 at 1-2, Plaintiff attempted to serve Ms. Rose by mailing a copy of the summons and complaint to her at SMU-in-Taos—an entity that Plaintiff knew neither employed Ms. Rose directly nor served as the location for her work. Plaintiff also knew as of about October 13, 2011, that Defendant Mike Adler was unable to accept service of process for Defendant Rose because Ms. Rose had never worked for SMU. *See* Doc. 7-1 at 1. This knowledge should have been sufficient to inform Plaintiff that her effort to serve Ms. Rose was not effective under New Mexico law.

Plaintiff's employment at SMU-in-Taos, where Defendant Rose was a co-worker, ceased

on January 12, 2009, nearly three years before Plaintiff filed the claim for which service was required.  *See* Doc. 1-1 at ¶ 4.  Given the passage of time, in addition to Defendant Rose's testimony that she was working at the University of Houston, Plaintiff could not have reasonably believed that Defendant Rose would have received service of process sent to SMU-in-Taos. Especially after Plaintiff received notice that SMU-in-Taos' Executive Director Mike Adler was unable to accept service on Defendant Rose's behalf, *see* Doc. 7-1 at 1, Plaintiff could not have reasonably believed that Defendant Rose was properly served at SMU-in-Taos.

Because Defendant Rose was never properly served, her consent to removal was not required.  *See Murphy Bros.*, 526 U.S. at 347 (holding that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process").  *Accord* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.11[1][d] (recognizing that *Murphy Bros* overruled any argument that unserved defendants are required to join in a notice of removal).

## CONCLUSION

As set forth above, Defendant Dawn Rose has not been properly served in this matter, and her consent was not required for removal.  The SMU Defendants' Notice of Removal was therefore effective, and Plaintiff Judy Cruz' Motion for Remand and For Attorneys' Fees and Costs Under 28 U.S.C. § 1447(c) [Doc. 7] is DENIED.  Moreover, because Defendant Rose was not properly served, her Motion to Dismiss [Doc. 11] is GRANTED, and Plaintiff's Complaint against Defendant Rose is dismissed without prejudice.

_____
UNITED STATES DISTRICT COURT JUDGE